Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6122 | DATE | 2/18/2004 |
| CASE TITLE | WALLER vs. SHELDON GOOD & CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Plaintiff's motion (17-1) for leave to file an amended complaint is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
FEB 1 9 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH CAIN WALLER,

    Plaintiff,

v.

SHELDON GOOD & CO.,

    Defendant.

No. 02 C 6122
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Until March 2001, Plaintiff Elizabeth Cain Waller worked, at different times, as a broker and an employee for Defendant Sheldon Good & Co. In August 2002, Waller filed a timely one count Complaint alleging a sexually hostile work environment. Waller now asks for leave to amend her Complaint to include additional counts for disparate compensation and benefits compared to those of men in similar positions, violation of the Equal Pay Act, and breach of Defendant's contractual obligation to provide a discrimination free work environment.

On December 17, 2002, shortly after Defendant answered Waller's complaint, Waller's counsel withdrew, and I entered a default judgment for Defendant with a limited time period for reinstatement. For reasons unknown, the default did not appear on the docket sheet. Because of the withdrawal, Waller contacted and retained her current counsel, and on May 7, 2003, Waller's current counsel filed, without leave, an Amended Complaint on which I allowed Waller to proceed only with the original hostile work environment claim. I found the additional claims in the Amended Complaint would have caused unwarranted prejudice to Defendant because they significantly expanded the factual and legal issues of the case and because they were filed after a lengthy period of delay.



Waller now attempts to bring these additional claims into this case by seeking leave to file an amended complaint. The grant or denial of such a motion is within the sound discretion of the district court. *Jones v. Hamelman*, 869 F.2d 1023, 1026 (7th Cir. 1989). Fed. R. Civ. P. 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has interpreted this to mean that "in the absence of any apparent or declared reason--such as undue delay... or undue prejudice to the opposing party by virtue of allowance of the amendment... the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Waller argues that amending the Complaint is the interest of justice because, through no fault of her own, she is faced what she considers a weak claim that could be at least somewhat enhanced by amendments without prejudicing the Defendant. Waller claims that her current situation, having only a single and likely unsuccessful claim for hostile work environment,[1] was caused by the failure of her former lawyer to act diligently on her behalf. However, I do not think that the faults of Waller's first lawyer should be factored into my opinion here. Waller, who has some degree of legal sophistication herself, selected the lawyer and must now live with the consequences of that representation. If Waller truly feels she was inadequately represented, the proper remedy is to file a malpractice suit, not to amend her Complaint.

Waller also claims that the amendments would not prejudice the Defendant. However, I do think the Defendant will suffer prejudice if I allow the Complaint to be amended. Until recently, the Defendant thought that this case was over and that it was free from the well known and onerous obligations imposed by such litigation. The Defendant will be prejudiced by both

---

[1] Waller has made such candid representation to this court during status hearings.

2

the reinstatement and the substantial enlargement of this case. Additionally, the Defendant may be prejudiced by the passage of time. The nearly three year gap between the time Waller left Defendant's employment and the time Waller filed of this Amended Complaint will likely make defense of this case more difficult for the Defendant.

What remains now is to balance the prejudice to the defendant with the interests of justice that would be served by allowing Waller to amend her Complaint. Waller claims that her hostile work environment claim is "problematic." I assume this means that the hostile work environment claim is unlikely to succeed on its own and that to have a viable lawsuit, Waller needs to amend her Complaint. While I agree that a winnable case created by the new claims could tip the scales of justice in Waller's favor, I see no evidence to support any force in her additional claims. Waller herself does not allege that the case on the newer claims is particularly forceful. Accordingly, I find this is not enough to overcome the prejudice to the Defendant or to require the claims to go forward in the interests of justice.

Waller's Motion for Leave to File an Amended Complaint is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 18 February 2004